Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Aaron D. Ford, Esq.
Nevada Bar No. 7704
Justin R. Cochran, Esq.
Nevada Bar No. 11939
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone: (702) 784-5200
Facsimile: (702) 784-5252
asorenson@swlaw.com
aford@swlaw.com
jcochran@swlaw.com

*Attorneys for Defendants The Bank of New York Mellon and Wells Fargo Bank, N.A., sued here as America's Servicing Company*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JERRY L. KELL, an individual, *Plaintiff*, vs. FIRST HORIZON HOME LOAN CORPORATION, a Kansas Corporation; et al., *Defendants*. | CASE NO. 3:12-cv-00308-LRH-VPC JOINT CASE MANAGEMENT REPORT |

Pursuant to *Minutes of the Court* filed on July 12, 2012; the parties submit the following joint case management report.

**1. Statement of the Nature of the Case**

On July 22, 2004, Plaintiff borrowed $216,000.00 from, and executed a Deed of Trust and Promissory Note in favor of, First Horizon Home Loan Corp. ("First Horizon") to purchase a home located at 222 Poppy Hills Drive, Fernley, Nevada 89408, APN 020-642-34 (the "Property"). Plaintiff defaulted on the Promissory Note and Deed of Trust and, as of August 7, 2009, was at least $9,580.45 in arrears. On February 23, 2005, First Horizon transferred the

15480653

1  Promissory Note and Deed of Trust to Mortgage Electronic Registration Systems, Inc.
2  ("MERS"). Well Fargo Bank, N.A., doing business as America's Servicing Company ("ASC"),
3  became the mortgage servicer on January 1, 2006. Neither ASC nor The Bank of New York
4  Mellon ("Bank of New York") originated Plaintiff's loan. MERS then assigned all beneficial
5  interest under the Promissory Note and Deed of Trust to Bank of New York on October 23,
6  2009.
7        On May 14, 2010, National Default Servicing Corporation recorded the operative Notice
8  of Trustee's Sale. The Notice advised that a sale was scheduled for June 11, 2010 at 11:00 a.m.
9  at the County Courthouse in Yerington, Nevada. After oral postponements, the trustee's sale,
10 took place on August 20, 2010 and Bank of New York purchased the Property via credit bid for
11 $136,000.00.
12       Plaintiff filed a complaint in Third Judicial District Court of the State of Nevada, Lyon
13 County, on June 11, 2010, alleging fraud, conspiracy and racketeering claims related to the
14 funding of the loan and the non-judicial foreclosure sale. ASC moved to dismiss the complaint,
15 which the state court partially granted in an Order dated March 17, 2011. The Order dismissed
16 the following claims: Violation of Fair Debt Collection Practices, Unfair and Deceptive Trade
17 Practices, Unfair Lending Practices, Breach of Foreclosure Procedures Pursuant to NRS 107.080
18 et seq., Unjust Enrichment, Wrongful Foreclosure, and Quiet Title.
19       Plaintiff was given leave to amend the complaint; he did so on April 16, 2011 and again
20 on January 19, 2012. The only claims remaining in the operative Third Amended Complaint
21 (the "TAC") are for 1) Fraud in the Inducement and Fraud through Omission and 2) Violation of
22 the Covenant of Good Faith and Fair Dealing. Plaintiff also requests injunctive and declaratory
23 relief.
24       On May 4, 2012 LPS and LSI (together, "LSI") filed a Motion to Dismiss Plaintiff's
25 Third Amended Complaint for Failure to State a Claim with the Third Judicial District Court of
26 Lyon County ("LSI Motion"). On June 6, 2012, Bank of New York filed a Petition for Removal
27 (ECF No. 1.) On June 13, 2012, Bank of New York filed an Answer to the Third Amended
28 Complaint (ECF No. 2.) On June 18, 2012, ASC and Bank of New York filed a Motion for

15480653

1  Summary Judgment to the TAC. ("MSJ") (ECF No. 10.)

2  On July 15, 2012, Plaintiff filed a response to the MSJ, acknowledging that his claims should be dismissed, but nonetheless arguing that the requests for injunctive and declaratory relief should be granted because Defendants allegedly did not have authority to foreclose. Defendants argue otherwise and contend that this case should be dismissed because, in view of his acknowledgement and for the reasons stated in the MSJ, there exists no genuine issue of material fact to support the good faith and fair dealing claim or fraud in the inducement and though omission claim.

**2.   Principal Factual and Legal Disputes in the Case**

Discovery was completed between ASC, LSI, and Plaintiff on May 18, 2012. Plaintiff contends that the Defendants do not have the requisite authority to foreclose. Based upon the written discovery and Plaintiff's deposition, Bank of New York and ASC filed a motion for summary judgment, contending that there are no genuine issues of material fact concerning the remaining causes of action. In filing its Motion to Dismiss, LSI also agrees that there are no legal or factual issues in dispute.

**3.   Jurisdictional Basis for the Case**

This case is in federal court based upon diversity of citizenship and satisfies the amount in controversy requirement under 28 U.S.C. § 1332.

**4.   Service of Parties**

The remaining parties to this Action are the sole parties which Plaintiff seeks relief from.

**5.   Additional Parties**

The Parties do not anticipate the addition of any additional parties or amended pleadings.

**6.   Pending Motions**

On June 18, 2012, Bank of New York and ASC filed a Motion for Summary Judgment, with the remaining claims being fraud in the inducement and through omission and for breach of the covenant of good faith and fair dealing. The LSI Motion and Motion for Attorney's Fees is also pending before the Court. Defendants contend that Plaintiff does not have a valid claim against them.

15480653

7. **Pending Motions That May Affect the Parties' Abilities to Comply With a Case Management Order**

If the Court grants one or more of the Motions, then one or more of the Parties will not be a party to this Action. Notwithstanding, there are no other Motions that would affect the Parties' ability to comply with a case management order.

8. **Related Cases**

The Parties are not aware of any related cases pending before any other court.

9. **Discovery**

All remaining parties have submitted initial disclosures. The Defendants have served interrogatories and requests for production on Plaintiff and ASC took Plaintiff's deposition. The discovery deadline expired on May 18, 2012. No additional discovery is needed by the Parties, nor is it requested.

10. **Issues Related to the Disclosure or Discovery of Electronically Stored Information**

The Parties are not aware of any particular issues related to the disclosure or discovery of ESI in this matter.

11. **Issues Related to Claims of Privilege or Work Product**

The Parties have agreed to safeguard and protect confidential information from disclosure to third-parties. Embodying this agreement, the state court entered an order on April 30, 2012 concerning the production of confidential information. The Parties agree to abide by the stipulation filed on April 20, 2012 and the Order entered by the court on April 30, 2012 and will return all confidential documents to the producer upon the culmination of this matter.

12. **Proposed Dates if Court has not Approved a Discovery Plan**

As the Parties have already conducted discovery, the Parties agree that no additional discovery is needed. Accordingly, if the Court decides in ruling on the Motion for Summary Judgment and LSI's Motion that one or both should be denied, then a pre-trial order should be filed one month after the decision of the Court.

15480653

**13.   Jury Trial Demand**

Neither party requested a jury trial.

**14.   Estimated Time for Trial**

The Parties estimate the length of trial to be between two (2) and three (3) days.

**15.   Settlement Prospects**

At this moment, the parties agree that settlement prospects are low given the motions before the Court.

Dated this 26th day of July, 2012

By: */s/ Rick Lawton, Esq.*
Rick Lawton, Esq.
1460 Highway 95A North, Suite 1
Fernley, NV 89408

*Attorney for Plaintiff*

Dated this 26$^{tn}$ day of July, 2012

By: */s/ Neil Ackerman, Esq.*
Neil Ackerman, Esq.
2688 S. Rainbow Blvd., Suite #D
Las Vegas, NV 89146

*Attorney for Defendant LSI Title Agency, Inc., and LPS Title Company - NV*

Dated this 26th day of July, 2012

SNELL & WILMER L.L.P.

By: */s/ Justin R. Cochran, Esq.*
Amy F. Sorenson, Esq.
Aaron D. Ford, Esq.
Justin R. Cochran, Esq.
3883 Howard Hughes Parkway Suite 1100
Las Vegas, Nevada 89169

*Attorneys for Defendants The Bank of New York Mellon and Wells Fargo Bank, N.A., sued here as America's Servicing Company*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: August 4, 2012

15480653

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **JOINT CASE MANAGEMENT REPORT** by the method indicated:

| | |
|---|---|
| \_\_\_\_\_ | U. S. Mail |
| \_\_\_\_\_ | U.S. Certified Mail |
| \_\_\_\_\_ | Facsimile Transmission |
| \_\_\_\_\_ | Federal Express |
| __XX__ | Electronic Service via CM/ECF |

and addressed to the following:

Rick Lawton, Esq.
Law Office of Rick Lawton, Esq. PC
1460 Highway 95A North, Suite 1
Fernley, NV 89408
lawtonrick@earthlink.net
*Attorney for Kell*

Neil Ackerman, Esq.
2688 S. Rainbow Blvd., Suite #D
Las Vegas, NV 89146
*Attorney for Defendant LSI Title Agency, Inc., and LPS Title Company - NV*

DATED this 26th ay of July 2012.

/s/ *Maricris Atienza-Williams*
An employee of Snell & Wilmer L.L.P.