UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JERRY L. KELLS,

    Plaintiff,

v.

FIRST HORIZON HOME LOAN CORPORATION; et al.,

    Defendants.

3:12-cv-0308-LRH-VPC

ORDER

    Before the court are defendants LSI Title Agency, Inc. ("LSI") and LPS Title Company's ("LPS") motion to dismiss plaintiff Jerry L. Kells' ("Kells") third amended complaint (Doc. #4, Exhibit 2) and motion for attorney's fees (Doc. #4).

    Also before the court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo"), sued here as America's Servicing Company and the Bank of New York Mellon, motion for summary judgment on Kells' third amended complaint. Doc. #10. Kells filed an opposition to the motions (Doc. #14) to which defendants replied (Doc. #20).

**I.    Facts and Procedural History**

    In July, 2004, Kells purchased real property through a mortgage note and deed of trust originated and executed by First Horizon. Eventually, Kells defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

//

Subsequently, Kells filed a complaint in state court against defendants for wrongful foreclosure. *See* Doc. #1, Exhibit A. Kells' complaint was dismissed, but Kells was granted leave to file several amended complaints. *See* Doc. #1, Exhibit A-1, Exhibit A-2. Ultimately, Kells filed the underlying third amended complaint against defendants alleging four causes of action: (1) fraud; (2) breach of the implied covenants of good faith and fair dealing; (3) injunctive relief; and (4) declaratory relief. Doc. #1, Exhibit A-3. Defendants then removed the third amended complaint to federal court on the basis of diversity jurisdiction. Doc. #1. Thereafter, defendants filed the present motions.

## II.  Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a

2

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

### III. Discussion

#### A. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). In order to meet the heightened pleading requirements a plaintiff must specify the time, place, and content of the misrepresentation as well as the names of the parties involved. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 n.10 (9th Cir. 1999); *see also, Parnes v. Gateway 2000*, 122 F.3d 539, 549-50 (8th Cir. 1997) (requiring a plaintiff to allege the requisite who, what, where, when, and how of the misrepresentation).

Here, Kells fails to allege anything more than defendants defrauded him during the loan process. There are no allegations of who failed to provide information or what information was not provided. Further, Kells fails to specifically allege the requisite "time, place, and specific content of the false representation as well as the identities of the parties to the misrepresentations." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Therefore, the court finds that Kells' allegations are insufficient to support his claim for fraud.

///

### B. Breach of Good Faith and Fair Dealing

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied. *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

Kells alleges that defendants breached the implied covenants by misrepresenting the cost of credit involved in the loan agreement. However, these alleged misrepresentations occurred *before* a contract was formed. *See* Doc. #1, Exhibit A. Kells fails to allege any facts to establish a breach of the implied covenants *after* the contract between the parties was formed. Thus, Kells fails to allege a claim for breach of the covenants of good faith and fair dealing.

### C. Injunctive and Declaratory Relief

Claims for injunctive or declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not a separate cause of action. Here, Kells' claims fail to establish any claim for relief. Therefore, Kells is not entitled to injunctive or declaratory relief. Accordingly, the court shall grant defendants' motions and dismiss Kells' third amended complaint.[1]

///

///

---

[1] In dismissing the complaint, the court notes that Kells concedes that he fails to state a claim for which relief can be granted. *See* Doc. #14, p. 3 ("In light of the court's rulings in similar cases [p]lainitff acknowledges that all the [c]auses of action fail to establish claims for which relief can be granted.").

4

### D. Attorney's Fees

In their motion for attorney's fees, defendants LSI and LPS argue that they are entitled to attorney's fees because Kells brought and maintained this action without reasonable grounds. *See* Doc. #4. Specifically, LSI and LPS argue that attorney's fees are warranted under NRS 18.010(2) because Kells maintained the underlying action in bad faith. *Id*.

Under Nevada law, a defendant that prevails in a dispositive motion may be awarded its attorney's fees if there is "evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party." NRS 18.010. Although a court has discretion to award attorney's fees as a sanction pursuant to NRS 18.010, there must be evidence supporting the court's finding that the claim was unreasonable or brought to harass. *Rivero v. Rivero*, 216 P.3d 213, 234 (Nev. 2009).

Here, the claims were based upon defendants' actions in pursuing the non-judicial foreclosure. The allegations in the complaint, although ultimately unsuccessful, were not entirely groundless as plaintiff received some relief in the state court proceeding from other defendants. Further, there is insufficient evidence of unreasonableness or intent to harass. Therefore, the court declines to award attorney's fees under NRS 18.010. Accordingly, the court shall deny the motion for attorney's fees.

///
///
///
///
///
///
///
///
///

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #4, Exhibit 2) and motion for summary judgment (Doc. #10) are GRANTED. This action, 3:12-cv-0308, is DISMISSED in its entirety.

IT IS FURTHER ORDERED that defendant Wells Fargo Bank, N.A. shall have ten (10) days from entry of this order to prepare an appropriate order expunging the lis pendens and submit the same for signature.

IT IS FURTHER ORDERED that defendants' motion for attorney's fees (Doc. #4) is DENIED.

IT IS SO ORDERED.

DATED this 6th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE